ADKINS, Justice,
dissenting.
As to the petitioner’s claim predicated on the Florida Constitution, I agree with the majority that the state’s interest in ensuring that only those fit to practice law are admitted to The Florida Bar is a compelling state interest. However, I must agree with the petitioner’s assertion that the authorization and release form and item 28(b) are unnecessarily overbroad. I also agree with the majority’s conclusion that mental fitness and emotional stability are essential to the ability to practice law in a manner not injurious to the public. However, I do not agree with the assertion that the means employed by the Board cannot be narrowed without impinging on the Board’s effectiveness in carrying out its responsibilities. As petitioner argues, it is difficult to conceive of information in which an individual has a greater legitimate expectation of privacy than medical records containing communications and other information between an applicant and a psychiatrist, psychologist, or counselor. Accordingly, information which is irrelevant to an applicant’s ability to practice law in this state should not come within the scope of the Board’s inquiry. ■ An applicant’s past treatment for some emotional disturbance, such as loss of a parent for instance, or treatment for amnesia which occurred, say, as a child ten or fifteen years ago surely is not relevant to the potential of that applicant to be a fit and worthy member of The Florida Bar today. At a minimum I feel there must be some time frame incorporated in question 28(b) and the authorization of the release of medical records relating to treatment for emotional disturbances, etc. In addition, I feel the form of the question seeking information about regular treatment for emotional disturbances, etc., could be phrased in terms which elicit information with regard to problems which, in the judgment of the medical community, impact on one’s fitness to practice law. Such an approach would be consistent with the mandate of article I, section 23 of the Florida Constitution.
For these same reasons, I would hold that the Board’s action also violates the applicant’s federal constitutional right of privacy. I do not believe the least intrusive means have been employed and, if a balancing test were held to be the appropriate standard, the interests served by the question as it exists do not outweigh the privacy interests of the individual hindered.